IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>PATRICK HAYDEN,<br>　　　　Defendant. | )<br>)<br>)<br>)　No. 18-20081-SHL<br>)<br>)<br>)<br>) |

FILED IN OPEN COURT
DATE: 8/2/19
TIME: 2:28 pm
INITIALS: *SMC*

**PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the attorney for the United States, the attorney for PATRICK HAYDEN and PATRICK HAYDEN have reached an agreement that contemplates the entry of a plea of guilty by PATRICK HAYDEN in this case. The full and complete plea agreement is as follows:

1.　PATRICK HAYDEN agrees that he will enter a voluntary plea of guilty to Count 1 of the Indictment. Count 1 charges the defendant with mailing threatening communications, in violation of 18 U.S.C. § 876(c). Count 1 carries a maximum statutory punishment of not more than ten (10) years imprisonment, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100. PATRICK HAYDEN agrees that he is entering a voluntary plea of guilty to Count 1because he is, in fact, guilty of that offense.

2.　The UNITED STATES agrees to recommend a sentence that does not exceed the low end of the guideline range or 92 months, whichever is lower.

3. Pursuant to this agreement, the UNITED STATES agrees to recommend:

   a. That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

   b. That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

   c. That the defendant be required to pay a fine amount if ordered by the Court; and,

   d. That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

4. PATRICK HAYDEN understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. §3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit shall not be a basis for PATRICK HAYDEN to withdraw his guilty plea.

5. The defendant understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence is in accordance

with this agreement. The defendant also waives his right to challenge the voluntariness of his guilty plea. These waivers are made in exchange for the concessions made by the United States in this plea agreement. Such waivers do not apply, however, to claims of prosecutorial misconduct or ineffective assistance of counsel.

6. PATRICK HAYDEN agrees that this Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, PATRICK HAYDEN acknowledges that he has read this agreement, has discussed it with his attorney and understands it. PATRICK HAYDEN acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:

D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

_____  8/2/19
STEPHEN HALL                     Date
Assistant United States Attorney

_____  8/2/2019
ARTHUR QUINN                     Date
Attorney for Defendant

_____  8/2/2019
PATRICK HAYDEN                   Date
Defendant

3